UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HENRY NOLAN KELLY, individually,<br><br>Defendant. | Case No. |

## COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, restitution, disgorgement of ill-gotten monies, and other equitable relief for Defendant's acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

## DEFENDANT

6. Defendant Henry Nolan Kelly ("Kelly") is an individual who resides in Kennesaw, Georgia. In connection with the matters alleged herein, he transacts or has transacted business in this district and throughout the United States.

## COMMERCE

7. At all times material to this Complaint, Defendant Kelly has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

8. Defendant Kelly engages in and has engaged in the sending of unauthorized and unsolicited commercial electronic text messages ("text message spam") to the mobile telephones and other wireless devices of consumers throughout the United States.

## Background

9. Many mobile telephone and wireless device service providers operating in the United States (hereinafter "wireless service providers") provide their subscribers with text messaging services. Text messaging services permit the transmission of text messages to wireless handsets from other wireless handsets, electronic mail accounts, and various Internet applications.

10. To transmit a text message to wireless handsets, a sender transmits the message electronically, either directly or indirectly, through a wireless service provider's text message router, which then transmits the message to the recipient through the wireless service provider's interstate wireless network.

11. Text messaging is used by consumers to stay in touch with business colleagues and associates, customers, family members, and friends. Text messaging is also used by numerous employers, schools, police departments, fire departments, and emergency medical services across the country.

### Defendant's Text Message Spam

12. Since at least March 2012, and continuing thereafter, Defendant transmitted or arranged for the transmission of over 20 million unsolicited commercial electronic text messages to the wireless handsets of U.S. consumers for the primary purpose of promoting products and services, including purportedly free merchandise, such as iPhones and iPads.

13. Many of the unsolicited text messages represent, expressly or by implication, that the consumer receiving the message has won a contest, or has been specifically selected to receive a gift or prize. For example, the text messages contain statements such as:

> "iPhone 5 Confirmation
> Test and keep an iPhone 5
> www. iappletestandkeep.com"
>
> "You are selected to Test & Keep Unreleased iPhone 5.
> Go to http://www.iappletestandkeep.com/iphone5.php & Enter Code: 4190 Code valid 24 hrs."

14. The text messages contain a link to a website address. Consumers who click on the address link contained in the text messages often are transferred to a website operated by Defendant where consumers are directed to enter the code appearing in the text message. When consumers follow the website's direction and enter the code appearing in the text messages, they are taken to one of various websites operated by third parties. The third party websites reiterate and expand upon the initial promised free merchandise offer.

15. The third party websites, however, require consumers to participate in multiple other offers to qualify for the promised free merchandise. The consumer usually must complete over ten offers. In most cases, completing an offer entails paying money or incurring some other detriment, such as qualifying and applying for credit cards. Some of the offers have free trial periods, but require consumers to participate for a minimum period of time to qualify for the promised free merchandise. Many of these offers also contain negative option components in which consumers who do not cancel will be billed automatically. In addition, to qualify for the promised free merchandise, consumers are required to provide a variety of personal information, including their name, mailing address, email address, date of birth, cell phone number, and home phone number.

16. Defendant's text messages fail to clearly and conspicuously disclose that consumers must incur expenses or other obligations to obtain the promised free merchandise. The text messages also fail to clearly and conspicuously disclose the costs and obligations associated with participating in the third-party promotions, such as applying and qualifying for credit cards.

17. In most instances, it is not possible for a consumer to obtain the promised free merchandise without spending money.

## The Recipients of Defendant's Text Message Spam

18. Many, if not all, of the consumers who received the text message spam sent by Defendant never agreed to be contacted by Defendant.

19. Some of the recipients of Defendant's text message spam have wireless service plans that require them to pay a fixed fee for each text message received by their wireless handsets. Accordingly, such recipients were required to pay a fee for the receipt of Defendant's text message spam.

20. Other recipients of Defendant's text message spam have wireless service plans that allow them a fixed, limited number of text messages per month without charge beyond their monthly service charge, with text messages that exceed the monthly allowance billed on a per-message basis. Accordingly, many

such recipients had their monthly allowance of text messages reduced upon receipt of each of Defendant's text message spam.

21. The consumer injury caused by Defendant cannot be reasonably avoided by consumers. Defendant's text message spam is routinely foisted upon consumers without their advance knowledge or permission. Many consumers who have requested that Defendant stop sending them text message spam continued to receive text message spam after making the request.

22. Defendant's text message spam does not create countervailing benefits to consumers or to competition that outweigh the harm caused by his unlawful activity.

## VIOLATIONS OF THE FTC ACT

23. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

24. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

25. Acts or practices are unfair under Section 5 of the FTC Act if they cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n).

## Count I

26. Through the means described in Paragraphs 12-17, Defendant has represented, directly or indirectly, expressly or by implication, that consumers have won a contest or have been specifically selected to receive a gift or prize that is without cost or obligation.

27. In numerous instances in which Defendant has made the representation set forth in Paragraph 26 of the Complaint, Defendant has failed to disclose or disclose adequately to consumers the material terms and conditions of the offer, including:

    a. that consumers must pay money or other consideration to receive the gift or prize; and

    b. the costs and obligations to receive the gift or prize.

28. Defendant's failure to disclose or disclose adequately the material information described in Paragraph 27 above, in light of the representation described in Paragraph 26 above, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count II

29. In numerous instances, Defendant's practice of initiating or procuring

the transmission of unauthorized or unsolicited commercial electronic text messages to the mobile telephones and other wireless devices of consumers in the United States has caused or is likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition

30. Therefore, Defendant's practice as described in Paragraph 29 is unfair and violates Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).

## CONSUMER INJURY

31. Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act. In addition, Defendant has been unjustly enriched as a result of his unlawful acts or practices. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

32. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and

the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, and an order preserving assets, and an accounting;

B. Enter a permanent injunction to prevent future violations of the FTC Act by Defendant Kelly;

C. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant Kelly's violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: 2/28/2013

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

_/s/ Robin L. Rock_
**ROBIN L. ROCK**
GA Bar No. 629532

**FEDERAL TRADE COMMISSION**
Southeast Region
225 Peachtree St., NE, Suite 1500
Atlanta, GA  30303
Tel.: 404-656-1368
Fax: 404-656-1379
Email: rrock@ftc.gov

ATTORNEY FOR PLAINTIFF

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1B**

The undersigned counsel of record certifies this document was prepared in the font and point selections approved by the court pursuant to LR5.1B.

_/s/ Robin L. Rock_
**ROBIN L. ROCK**
GA Bar No. 629532
**FEDERAL TRADE COMMISSION**
Southeast Region
225 Peachtree St., NE, Suite 1500
Atlanta, GA  30303
Tel.: 404-656-1368
Fax: 404-656-1379
Email: rrock@ftc.gov
ATTORNEY FOR PLAINTIFF